UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Bankruptcy No. 17 B 00870 |
| BIANCA L. AVILA, ) | Chapter 13 |
| ) | Judge Donald R. Cassling |
| Debtor. ) | |

## MEMORANDUM OPINION

This matter is before the Court on the motion of the City of Chicago (the "City") for a declaration that the post-petition retention of debtor Bianca L. Avila's (the "Debtor") vehicle does not violate the automatic stay.

### I.    BACKGROUND

On January 5, 2017, the City impounded the Debtor's 2012 Toyota Corolla vehicle (the "Vehicle") pursuant to § 9-100-120 of the Municipal Code of Chicago because she had accumulated over $7,000 in unpaid tickets. On January 11, 2017, the Debtor filed a Chapter 13 petition and demanded that the City release the Vehicle to her pursuant to *Thompson v. General Motors Acceptance Corp., LLC*, 566 F.3d 699 (7th Cir. 2009). On January 17, 2017, the City filed its motion for a declaration that its post-petition retention of the Vehicle does not violate the stay.[1]

Under § 9-92-080(f) of the Municipal Code of Chicago, the City has a possessory lien on vehicles impounded for parking-related debt in the amount required to obtain release of the vehicle. The City maintains that (1) it is entitled to retain possession of the Vehicle in order to

---

[1] The Court finds that the City has properly brought this declaration by way of motion rather than adversary proceeding. *See In re Thongta*, No. 07-21837-svk, 2009 WL 1587308, at *1 (Bankr. E.D. Wis. June 5, 2009) (concluding that a motion for a declaration that the stay does not apply was a contested matter and did not require an adversary proceeding).

continue perfection of its possessory lien and (2) that the exception to the automatic stay under 11 U.S.C. § 362(b)(3) allows it to continue to retain the Vehicle post-petition without violating the stay.

## II. DISCUSSION

Under the Bankruptcy Code's automatic stay provision, creditors are barred from any act to collect, enforce, or recover a pre-petition claim against the debtor or against property of the estate, including "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate[.]" 11 U.S.C. § 362(a)(3). In *Thompson*, the Seventh Circuit held that a secured creditor who had repossessed a Chapter 13 debtor's vehicle pre-petition "exercised control" over that vehicle in violation of the stay by refusing to return the vehicle to the estate upon request. 566 F.3d at 703.

The City contends that its retention of the Debtor's Vehicle following its pre-petition impoundment is permitted under § 362(b)(3). That section provides that the filing of a bankruptcy petition "does not operate as a stay—under subsection (a) of this section, of any act to perfect, or to maintain or continue the perfection of, an interest in property to the extent that the trustee's rights and powers are subject to such perfection under section 546(b) of this title...." 11 U.S.C. § 362(b)(3). Section 546(b)(1), in turn, provides that a trustee's rights and powers "are subject to any generally applicable law that . . . provides for the maintenance or continuation of perfection of an interest in property to be effective against an entity that acquires rights in such property before the date on which action is taken to effect such maintenance or continuation." 11 U.S.C. § 546(b)(1)(B). "In other words, if state law provides that a creditor's security interest is superior to the rights of any entity obtaining its interest in property prior to the date the creditor takes action to maintain or continue perfection of its lien, the creditor's post-

2

petition act to maintain or continue perfection of the lien does not violate the automatic stay." *Hayden v. Wells (In re Hayden)*, 308 B.R. 428, 432 (B.A.P. 9th Cir. 2004).

### *A. The City Has a Valid Possessory Lien on the Vehicle Under Generally Applicable State Law*

The Municipal Code of Chicago (the "M.C.C.") qualifies as "generally applicable law" of the type described in § 546(b)(1)(B). Under § 9-92-080(f) of the M.C.C., the City has a possessory lien on vehicles impounded for parking related debt in the amount required to obtain release of the vehicle. That section provides that "[a]ny vehicle impounded by the City or its designee shall be subject to a possessory lien in favor of the City in the amount required to obtain release of the vehicle."[2]

The City's possessory lien in the Vehicle has priority and effectiveness against any entity that acquired lien rights in the Vehicle before the date on which the City acquired and perfected (by possession) its lien in the Debtor's Vehicle. Specifically, § 2-14-132(c) and § 9-92-080(c) allow a pre-existing lienholder to obtain the impounded vehicle, but only in the event that the lienholder pays at least the applicable towing and storage fees. The M.C.C. thus gives the City's lien priority over pre-existing lien creditors. Accordingly, the City's possessory lien in the Vehicle, which allows for perfection despite certain types of pre-existing liens on the Vehicle, qualifies as the type of generally applicable law referred to in § 546(b)(1)(B), making the trustee subject to the perfection of such a lien.[3]

Although not specifically stated in the M.C.C., possession of the Vehicle is necessary for

---

[2] This subsection was added in November 2016.

[3] The Debtor argues that the City passed § 9-92-080(f) of the M.C.C. to circumvent the treatment of its debt under the Bankruptcy Code. (Resp. at pp. 13-14.) "Congress authorized states to pass laws applicable in bankruptcy proceedings as long as those laws are generally applicable, not specifically targeted at bankruptcy proceedings." *Metropolitan Gov't. of Nashville & Davidson County v. Hildebrand (In re Corrin)*, Nos. 16-5717/5719, 2017 WL 710473, at *3 (6th Cir. Feb. 23, 2017). Here, on its face, the statute is not specifically targeted at bankruptcy cases. Rather, it applies to all impounded vehicles without regard to whether the owner of the vehicle is a debtor in bankruptcy.

the lien to retain its priority, "especially where the statute provides that the vehicle may not be released until the applicable towing and storage costs are paid." *Hayden*, 308 B.R. at 434 (internal quotation omitted). A "possessory lien is merely the right to retain possession of certain property until the debt or claim secured thereby is satisfied." *Gaskill v. Robert E. Sanders Disposal Hauling*, 619 N.E.2d 235, 238 (Ill. App. Ct. 1993). Thus, a lien is possessory if "[p]ossession is the only mechanism available to ensure satisfaction of the lien. It is this fact that makes the lien a possessory lien, not the label or lack thereof." *Hayden*, 308 B.R. at 434; *see also In re Ingram*, 508 B.R. 98, 102-03 (Bankr. E.D. Wis. 2014) (noting that a creditor with a possessory lien must retain possession of the property in order to maintain perfection of its lien).

The Debtor argues that § 9-92-080(f) of the M.C.C. does not create a "true" possessory lien because it is inconsistent with the nature of possessory liens. Specifically, she argues that: a true possessory lien (1) must be a consensual lien; (2) may attach only to the property that gave rise to the underlying claim; and (3) cannot be released for less than full payment.

The Debtor's arguments are without merit: First, a statutory lien is non-consensual by nature. *See Rushton v. State Bank of S. Utah (In re Gledhill)*, 164 F.3d 1338, 1342 (10th Cir. 1999) (stating that statutory liens are "fixed by operation of law without consent of debtor" (citing *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 240 (1989))). Thus, the Court rejects the Debtor's argument that a possessory lien must be consensual.

Second, there is no requirement that a statutory lien may be imposed only on certain property. A lien created by statute is limited in operation and extent only by the terms of the statute. *Wilson v. F.B. McAfoos & Co.*, 800 N.E.2d 177, 181 (Ill. App. Ct. 2003). "[L]ien laws are liberally construed to effect the purpose intended by the legislature." *Id.* (citing *Gaskill*, 619 N.E.2d 235). Section 9-92-080(f) of the M.C.C. broadly, without any limitations, grants the City

4

a possessory lien in impounded vehicles. Therefore, the concept of specific or general liens found in common law possessory liens is not applicable to the City's statutory possessory lien.

Third, the City's statutory lien is not void simply because the City may release the lien for less than full payment in certain circumstances. Any lienholder, whether of a consensual or non-consensual lien, may voluntarily waive all or a portion of its lien rights for any consideration, or none at all. Indeed, lienholders frequently enter into forbearance agreements, loan modifications, and other alterations of their rights without risking the entire invalidation of their lien rights. The Debtor has failed to provide any legal support for her assertion that, in order to be valid, the City's lien must be enforced on an all-or-nothing basis. Accordingly, the Court rejects the Debtor's argument that the City does not hold a true possessory lien.

### B. *Applicability of the* Thompson *Decision*

Following the Seventh Circuit's ruling in *Thompson*, the law in this district has required creditors who lawfully repossessed debtors' vehicles pre-petition to return such vehicles to the debtors upon the filing of a Chapter 13 petition. The City contends that its continued possession of the Vehicle – and refusal to return the Vehicle to the Debtor upon request – is an act "to maintain or continue the perfection of, an interest in property" under § 362(b)(3) because the City must continue to be in possession of the Vehicle if it wishes to maintain perfection of its pre-petition possessory lien. The City argues that, unlike the creditor in *Thompson*, it holds a lien only by virtue of possession. While return of the repossessed collateral in *Thompson* did not affect the priority of the creditor's lien, the City's control of a vehicle impounded pre-petition is necessary for the City to maintain a lien on that vehicle, where that lien was obtained and perfected only by virtue of possession.

5

Importantly, the *Thompson* court did not have occasion to examine whether the exception to the automatic stay found in § 362(b)(3) applies to a creditor whose lien rights arise solely from its possession of the debtor's property. Courts tackling this issue, which most often arises in the context of repossessed vehicles, have consistently reached the same result: when the creditor's continued possession of the property is necessary to maintain or continue that creditor's perfection of its statutory lien under § 546(b), the creditor is protected by the provisions of § 362(b)(3). *See Hayden*, 308 B.R. at 435-46; *Boggan v. Hoff Ford, Inc. (In re Boggan)*, 251 B.R. 95, 101 (B.A.P. 9th Cir. 2000); *In re Vega*, 503 B.R. 38, 42 (Bankr. E.D. Mich. 2013); *Eaton v. River City Body Shop (In re Eaton)*, 220 B.R. 629, 631 (Bankr. E.D. Ark. 1998).

The only published decision in this Circuit addressing the applicability of *Thompson* to the automatic stay exception found in § 362(b)(3) in the context of a creditor's possessory lien is *In re Ingram*, 508 B.R. 98 (Bankr. E.D. Wis. 2014). In that case, a towing company repossessed a debtor's truck on behalf of a lender which held a consensual lien on the truck. By its repossession, the towing company obtained its own separate possessory lien on the truck to secure payment of its towing and storage charges. Following the debtor's bankruptcy filing, the lender, together with the debtor, requested that the towing company release the truck to the debtor. The towing company refused, arguing that to do so would invalidate its possessory lien. Judge Kelley determined that the holding of *Thompson* did not apply to the towing company's possessory lien because *Thompson* only involved and addressed consensual security interests. Thus, she held that "a creditor's post-petition possession of property necessary to the perfection of a pre-petition lien does not violate the stay." 508 B.R. at 102.

This Court agrees with both Judge Kelley's well-reasoned analysis and her conclusion. In *Thompson*, creditor General Motors Acceptance Corporation held a consensual security

6

interest in the repossessed vehicle. Even after releasing the vehicle to the debtor post-bankruptcy, that consensual lien creditor retained its lien. By contrast, the City is not a "like-situated creditor" compared to a consensual secured creditor because it has only a non-consensual possessory lien. 566 F.3d at 701. If the City were to release the Vehicle to the Debtor, there is no question that it would lose its lien. As discussed above, in order to keep a possessory lien, the holder of the lien must maintain possession of the property.[4]

In determining who bears the burden on the issue of adequate protection with respect to repossessed collateral, the *Thompson* court observed that this burden rests with the secured creditor because "if a creditor is allowed to retain possession, then this burden is rendered meaningless – a creditor has no incentive to seek protection of an asset of which it already has possession." *Id.* at 703-04. The *Thompson* court thus concluded that "in order for the language of 11 U.S.C. § 363(e) to have meaning, Congress must have intended for the asset to be returned to the bankruptcy estate before the creditor seeks protection of its interest." *Id.* at 704. Therefore, the explicit justification for the Court's decision in *Thompson* is that the secured creditor's right to possession of its collateral upon default has been replaced under the Bankruptcy Code by that creditor's right to receive adequate protection of its interest in the collateral. *Id.* at 705.

But that statutory justification does not work when applied to creditors with possessory liens. Unlike creditors with consensual liens, creditors with possessory liens must retain possession of their collateral in order to retain any liens entitled to adequate protection. If the property that is subject to a non-consensual possessory lien is returned to the debtor, the creditor

---

[4] In so ruling, the Court notes that, should the Debtor propose a plan that provides for payment of the City's parking charges over time, and secures that obligation with a replacement lien, the City would be required to return the Vehicle to the Debtor because its lien would at that point be consensual, rather than possessory. The Court further notes that the Vehicle remains property of the estate while in the City's possession, and the City must therefore preserve the Vehicle while it is in the City's possession.

would lose its secured status, and no provisions of the Bankruptcy Code allowing for adequate protection could preserve its rights. Here, because the City's continued possession of the Vehicle is necessary to maintain or continue perfection of its statutory lien under § 546(b), the Court holds that the City is protected by the provisions of § 362(b)(3).

### III. CONCLUSION

For the foregoing reasons, the Court finds that the City has not violated the automatic stay because its post-petition retention of the Vehicle was an act to maintain perfection of its possessory statutory lien within the meaning of § 362(b)(3).

**ENTERED:**

DATE: **MAR 2 1 2017**

*Donald R. Cassling*

**Donald R. Cassling**
**United States Bankruptcy Judge**

8